IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DISTRIBUTED MEDIA SOLUTIONS, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1353-GBW |
| | ) | |
| CURIOSITYSTREAM INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 5486)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com

OF COUNSEL:
Shamita Etienne-Cummings
David M. Tennant
Megan Ines
Jacob Rothenberg
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
(202) 683-3800

Dated: December 30, 2022

*Attorneys for Defendant CuriosityStream Inc.*

## **TABLE OF CONTENTS**

I.   Nature and Stage of the Proceeding ................................................................ 1

II.   Summary of the Argument................................................................................ 1

III.   Statement of Facts............................................................................................ 2

IV.   Legal Standard ................................................................................................ 3

V.   Argument ........................................................................................................ 5

    A.   DMS Fails to Plausibly Allege Direct Infringement of the '811 Patent .............. 5

    B.   DMS Fails to Plausibly Allege Direct Infringement of the '922 Patent .............. 7

    C.   DMS Fails to Plausibly Allege Direct Infringement of the '714 Patent ............. 10

    D.   DMS Fails to Plausibly Allege Direct Infringement of the '004 Patent ............. 11

    E.   DMS Fails to Plausibly Allege Direct Infringement of the '672 Patent ............. 12

    F.   DMS Fails to Plausibly Allege Direct Infringement of the '384 Patent ............. 13

VI.   Conclusion ...................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  797 F.3d 1020 (Fed. Cir. 2015) (en banc)................................................................7, 8, 11, 14

*Andrulis Pharms. Corp. v. Celgene Corp.*,
  No. 13-1644-RGA, 2014 WL 1572906 (D. Del. Apr. 10, 2014)............................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................................2, 4, 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................................2, 4

*Bos. Sci. Corp. v. Nevro Corp.*,
  415 F. Supp. 3d 482 (D. Del. 2019) (Connolly, C.J.)...................................................4, 5, 9, 15

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ........................................................................................ *passim*

*Campbell Soup Co. v. Gamon Plus, Inc.*,
  No. 2020-2322, 2021 WL 3671366 (Fed. Cir. Aug. 19, 2021) .............................................16

*Desenberg v. Google, Inc.*,
  392 F. App'x. 868 (Fed. Cir. 2010) .........................................................................................8

*Distributed Media Solutions, LLC v. AMC Networks Inc.*,
  Case No. 1:22-cv-01294-GBW.................................................................................................1

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004).............................................................................................11

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014).............................................................................................14

*F'real Foods, LLC v. Hamilton Beach Brands, Inc.*,
  457 F. Supp. 3d 434 (D. Del. 2020) (Connolly, C.J.) .........................................................8, 14

*Golden v. Apple Inc.*,
  819 F. App'x 930 (Fed. Cir. 2020) ..........................................................................................9

*Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*,
  No. CV 17-1086-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018) .........................................5

*Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*,
    No. CV 17-1086-LPS-CJB, 2019 WL 1276028 (D. Del. Mar. 20, 2019) ...............................5

*Int'l Bus. Machines Corp. v. Booking Holdings Inc.*,
    775 F. App'x 674 (Fed. Cir. 2019) ......................................................................................14

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. CV 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) (Bryson, J.).......................9

*James v. City of Wilkes-Barre*,
    700 F.3d 675 (3d Cir. 2012).................................................................................................4

*L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*,
    No. 16-CV-06534-FPG, 2017 WL 4652709 (W.D.N.Y. Oct. 17, 2017).................................6

*Lum v. Bank of Am.*,
    361 F.3d 217 (3d Cir. 2004).................................................................................................1

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2016)................................................................................8, 9, 14

*McDermott v. Clondalkin Grp., Inc.*,
    649 F. App'x 263 (3d Cir. 2016) ........................................................................................11

*Midwest Energy Emissions Corp. v. Vistra Energy Corp.*,
    No. CV 19-1334-RGA-CJB, 2020 WL 3316056 (D. Del. June 18, 2020)..............................9

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
    No. CV 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017)............................6, 15

*Nalco Co. v. Chem–Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018)......................................................................................4, 14

*NNCrystal US Corp. v. Nanosys, Inc.*,
    No. CV 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020) ......................................11

*Ormco Corp. v. Align Tech., Inc.*,
    463 F.3d 1299 (Fed. Cir. 2006)............................................................................................8

*Ottah v. Fiat Chrysler*,
    884 F.3d 1135 (Fed. Cir. 2018)..........................................................................................16

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
    No. CV 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018)..............................7, 12, 15

*Raindance Techs., Inc. v. 10x Genomics, Inc.*,
    No. CV 15-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016)............................................4

*Regents of Univ. of Michigan v. Leica Microsystems Inc.*,
No. 19-CV-07470-LHK, 2020 WL 2084891 (N.D. Cal. Apr. 30, 2020) ...............................15

*Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*,
497 F. Supp. 3d 762 (N.D. Cal. 2020) ....................................................................................14

*Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*,
Case No. 20-cv-03590-YGR, 2020 WL 6318716 (N.D. Cal. Oct. 28, 2020).........................15

*Sapphire Crossing LLC v. Robinhood Markets, Inc.*,
C.A. No. 18-1717-MN-CJB, 2021 WL 149023 (D. Del. Jan. 15, 2021)...........................15, 16

*Sapphire Crossing LLC v. Robinhood Markets, Inc.*,
No. CV 20-726 (MN) (CJB), 2021 WL 355154 (D. Del. Feb. 2, 2021)................................15

*Sentius Int'l, LLC v. Apple Inc.*,
No. 4:20-CV-00477-YGR, 2020 WL 2850286 (N.D. Cal. June 2, 2020) .............................11

*SIPCO, LLC v. Streetline, Inc.*,
230 F. Supp. 3d 351 (D. Del. 2017)...........................................................................5, 12, 13

*Swirlate IP LLC v. Keep Truckin, Inc.*,
No. CV 20-1283-CFC, 2021 WL 3187571 (D. Del. July 28, 2021)......................................10

*SynKloud Techs., LLC v. HP Inc.*,
490 F. Supp. 3d 806 (D. Del. 2020)........................................................................................16

*Wi-LAN Inc. v. Sharp Elecs. Corp.*,
362 F. Supp. 3d 226 (D. Del. 2019) (Stark, J.) .......................................................................8

**Other Authorities**

35 U.S.C. § 154(a)(2).........................................................................................................................2

37 C.F.R. § 3.54 ................................................................................................................................1

FRCP 12(b)(6) .................................................................................................... *passim*

## I.   NATURE AND STAGE OF THE PROCEEDING

Plaintiff Distributed Media Solutions, LLC ("DMS") filed its complaint against CuriosityStream Inc. ("Curiosity") on October 13, 2022. D.I. 1 ("Compl."). DMS alleges direct infringement of six patents—U.S. Patent Nos. 6,697,811 ("the '811 patent"); 7,133,922 ("the '922 patent"); 7,739,714 ("the '714 patent"); 8,046,672 ("the '672 patent"); 8,122,004 ("the '004 patent"); and 8,482,384 ("the '384 patent") (collectively, "the Asserted Patents"). DMS, a newly formed Georgia LLC, appears to have recently acquired all six Asserted Patents. Compl. at ¶ 4; *see* Ex. 1.[1] Most of the patents are expired.  *See infra.*[2] One is about clock radios. *See* Ex. F.  The Complaint asserts that Curiosity, an educational media company and video streaming service, "has infringed and continues to infringe" through "its Curiosity product and service." Compl. at ¶ 3.[3]

Curiosity respectfully moves to dismiss DMS's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), for failure to state a claim upon which relief can be granted.[4]

## II.   SUMMARY OF THE ARGUMENT

1. DMS's Complaint should be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). DMS raises six counts of direct infringement against Curiosity, one for each asserted patent. Each count is insufficiently pled, offering only rote

---

[1]      In deciding a motion to dismiss under FRCP 12(b)(6), a court may consult "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" *See Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004) (citations omitted). Curiosity expressly reserves the right to assert that there are defects in or related to title, recording, assignment, and ownership of the Asserted Patents. *See* 37 C.F.R. § 3.54.

[2]      Curiosity expressly reserves the right to challenge priority date.

[3]      DMS also recently asserted the same six patents in this Court against AMC Networks, Inc., with a complaint near verbatim to that filed here. *See Distributed Media Solutions, LLC v. AMC Networks Inc.*, Case No. 1:22-cv-01294-GBW, Complaint, ECF No. 1 (D. Del. Sept. 30, 2022). DMS voluntarily dismissed the complaint with prejudice, before AMC answered. *See id.* at Notice of Voluntary Dismissal, ECF No. 10 (Dec. 22, 2023).

[4]      Curiosity also denies any and all allegations of infringement.

1

repetition of claim language and conclusory assertions, without connection to the Accused Products. DMS's Complaint should, therefore, be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## III.    STATEMENT OF FACTS

### A.  The Asserted Patents

Five of the six asserted patents relate to, e.g., networked systems, transmitting data, and providing rich media content over a network.  The sixth patent relates to clock radios.

*First*, the '811 patent, entitled "Method and System for Information Management and Distribution," purports to describe "a method and system for the centralized management and decentralized execution of information and data distribution on a global scale." Ex. A at Abstract. The patent appears to have expired. Ex. A at Cover Page; *see* 35 U.S.C. § 154(a)(2).

*Second,* the '922 patent, entitled "Method and Apparatus for Streaming Data," purports to describe a "method and apparatus for providing streaming data to multiple clients involve the provision of intelligent gateway at the edge of a network." Ex. B at Abstract. The patent appears to have expired. Ex. B at Cover Page.

*Third,* the '714 patent, entitled "System For Transmitting Digital Data Over a Limited Bandwidth Link in Plural Blocks," purports "to provide an improved method and system for transmitting digital data representing the original over plural transmission links at least some of which have limited bandwidth."  Ex. C at 2:46-49.

*Fourth*, the '004 patent, entitled "Generating and Providing Rich Media Presentations Optimized for a Device over a Network," purports to describe "[g]enerating and providing rich media presentations to a requesting device" based on "[a]ttributes of the requesting device," Ex. E at Abstract; and, *fifth,* the '672 patent, entitled "Method and System for delivering Technology

2

Agnostic Rich Media Content within an Email, Banner Ad, and Web Page," purports to describe invention that "plays rich media presentations included in an email, banner ad, and web page." Ex. D at Abstract.  The '004 and '672 patents share common named inventors. Exs. D, E at Cover Page. They are both subject to the same terminal disclaimer and, as a result, appear to have expired. *Id.*; *see* Ex. 2.

**Sixth**, and last, the '384 patent, entitled "Method and System for Playing Signals at Two Appliances," relates to "radio appliances and, more particularly, to clock radios." Ex. F at 1:17-18. It purports to disclose a method "for receiving messages in an appliance such as a clock radio, bathroom radio, or shower radio" as modified per the patent "to receive messages from a remote computer," *id.* at 1:39-42; *see id.* 1:32-33 ("A need exists to adopt the clock radio, bathroom radio and/or shower radio into an Internet appliance…").

### B.  The Accused Product(s)

DMS alleges that Curiosity infringes at least one claim of each of the Asserted Patents, through "its Curiosity product and service." Compl. at ¶ 3. It identifies "Curiosity Stream, an on-demand video-streaming platform" as the "Accused Product." *Id.* ¶ 47. DMS asserts that the Accused Product "allows for the streaming of video content on a television, computer, or mobile device," identifies various platforms and products on which a person can watch that "video content," and then states, "[i]n addition, the Accused Product is enabled to be implemented in a browser of a computer." *Id.* ¶ 48-49. DMS appears to rely on its "browser" version as exemplary, without reference to the other platforms and products. *See, e.g.*, *id.* ¶¶ 54-61.

### IV.   LEGAL STANDARD

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Direct infringement must be plead to the standard established

by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[5] A complaint, therefore, should be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff must offer "more than labels and conclusions"—a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *see Iqbal*, 556 U.S. at 678. In reviewing the sufficiency of a pleading, the Court "accept[s] the factual allegations contained in the [c]omplaint as true, but … disregard[s] rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

For direct infringement, a "complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks, alterations, and citation omitted). "To provide [such] notice, a plaintiff must generally do more than assert that the product infringes the claim; it must show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (Connolly, C.J.). While "[t]he level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device," in every case, there must be "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v.*

---

[5]   *See Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. CV 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (noting abrogation of FRCP 84 and the Appendix of Forms).

*Sony Corp. of Am.*, 4 F.4th 1342, 1352-53 (Fed. Cir. 2021); *see SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (dismissing complaint because it "contain[ed] no attempt to connect anything in the patent claims to anything about any of the accused products"); *Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*, No. CV 17-1086-LPS, 2018 WL 5669168, at *12 (D. Del. Nov. 1, 2018), *report and recommendation adopted*, No. CV 17-1086-LPS-CJB, 2019 WL 1276028 (D. Del. Mar. 20, 2019) (explaining that, except in the case of "simple technology," at the motion to dismiss stage, the court cannot be left to "figure out on its own why it is that the accused product, or methods of using it" infringes).

## V.   ARGUMENT

### A.   DMS Fails to Plausibly Allege Direct Infringement of the '811 Patent

DMS asserts that Curiosity "has directly infringed at least claim 1 of the '811 Patent by performing all the limitations of that claim." Compl. at ¶ 53; *see* Ex. A at 9:36-37 (claim 1 reciting a "method for managing and distributing information with a system"). DMS, however, offers only a threadbare recital of elements in support. *Iqbal*, 556 U.S. at 678.[6] Its claim should be dismissed.

***DMS fails to plausibly allege direct infringement.*** Specifically, rather than "articulat[ing] why it is plausible" that Curiosity infringes, *Bot M8*, 4 F.4th at 1353; *see Bos. Sci.*, 415 F. Supp. 3d at 489, DMS parrots each limitation of claim, simply attributing each to Curiosity—for example, DMS says, "[a]s in claim 1 … the Accused Product practices a method for managing and distributing information (e.g., video content) with a system." Compl. at ¶ 54; *see also id.* ¶ 59 (asserting "[a]s in claim 1 of the '811 Patent, the Accused Product provides access for the user to

---

[6]     In this and each subsequent count, DMS asserts that it will not "be estopped" by the "claim chart that it provides with" its complaint but, to date, Curiosity has not received any such chart. *See, e.g.*, Compl. at ¶ 69.

the selected source server" followed by an unexplained screen capture), ¶ 61 (similar). A patent

owner "cannot meet its obligation to assert a plausible claim of infringement under the

*Twombly/Iqbal* standard by merely copying the language of a claim element, and then baldly

stating (without more) that an accused product has such an element"—such statements are legal

conclusions, not allegations of fact, and thus insufficient to state a claim upon which relief can be

granted. *N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. CV 17-506-LPS-CJB, 2017 WL

5501489, at *2 (D. Del. Nov. 16, 2017), *report and recommendation adopted*, No. CV 17-506-

LPS-CJB, 2018 WL 11182741 (D. Del. Jan. 3, 2018); *see L.M. Sessler Excavating & Wrecking,*

*Inc. v. Bette & Cring, LLC*, No. 16-CV-06534-FPG, 2017 WL 4652709, at *4 (W.D.N.Y. Oct. 17,

2017) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555).

Further, when DMS does make an attempt at explanation, it is threadbare, mapping a

scattered handful of basic elements rather than articulating such facts to state a facially plausible

claim. For example, DMS asserts, again parroting the claim language:

> As in claim 1 of the '811 Patent, the Accused Product displays in response to an
> approved access catalogue of at least one source server, wherein each source server
> couples to a respective information source, and wherein each source server has
> authorized the user to access data stored at the coupled respective information
> source.

Compl. at ¶ 57; *see* Ex. A at 9:43-48. To support its assertion of this multi-element limitation,

DMS simply says: "For example, the Accused Product includes collections of video content."

Compl. at ¶ 57; *see id.* ¶¶ 58, 60 (similar). While a complaint need not "plead infringement on an

element-by-element basis," it must allege such facts as to "articulate why it is plausible that the

accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1352-53. Here, by pleading only

minimal, generic of elements, without any effort to connect the Accused Products to the actual

steps of the asserted method claim, DMS fails to articulate why infringement is plausible—the

6

alleged existence of video content alone is not enough.  *Id.* at 1354 ("allegations that are 'merely consistent with' infringement are insufficient"); *see Promos Techs., Inc. v. Samsung Elecs. Co.*, No. CV 18-307-RGA, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018) ("[S]light alterations to the claim language by using other well-known nomenclature to describe [accused] products do nothing to articulate why the accused class of … products infringe the asserted patents"). Its claim, therefore, must be dismissed.

### B.  DMS Fails to Plausibly Allege Direct Infringement of the '922 Patent

DMS asserts that Curiosity "has directly infringed at least claim 18 of the '922 Patent." Compl. at ¶ 72.  Claim 18 recites a "method for providing streaming data from a server to multiple clients."  Ex. B at 14:14-15.  DMS, however, has not plausibly alleged any such infringement.

***First, DMS has not plausibly alleged joint infringement.***  Claim 18 is a method claim. Ex. B at 14:14-29.  "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc). While DMS asserts that Curiosity "perform[s] all the limitations of" claim 18, Compl. at ¶ 72, this is belied by what DMS actually pleads, *id.* ¶¶ 73-78. Specifically, DMS identifies Curiosity as performing the preamble of claim 18, i.e., as "providing streaming data," but nothing else. *Id.* ¶ 73. For all claim limitations, DMS identifies the "Akamai Content Delivery Network"—i.e., another company, Akamai Technologies, Inc., and another product, a CDN—as actually implementing the claimed method. *Id.* ¶¶ 74-78. This disconnect alone is enough to dismiss DMS's claim. Direct infringement of a method claim can only occur where the all steps are performed by or attributable to the defendant. *Akamai,* 797 F.3d at 1023 (citation omitted); *see F'real Foods, LLC v. Hamilton Beach Brands, Inc.*, 457 F. Supp. 3d 434, 437 (D. Del. 2020) (Connolly, C.J.). DMS has plead the opposite—

attributing all but the preamble to a third party—and thereby, through its own inconsistency, "pleaded itself out of court." *Bot M8*, 4 F.4th at 1354; *see id.* ("Where, as here, the factual allegations are actually inconsistent with and contradict infringement, they are … insufficient to state a plausible claim." (emphasis omitted)). Its claim, therefore, should be dismissed. *Desenberg v. Google, Inc.*, 392 F. App'x. 868, 870-71 (Fed. Cir. 2010) (affirming dismissal where plaintiff had not and could not "realistically allege" defendant had performed by itself all steps of a method for "using a communication network" and plaintiff failed to allege that defendant had exercised direction or control over the other actors); *cf. Wi-LAN Inc. v. Sharp Elecs. Corp.*, 362 F. Supp. 3d 226, 236 (D. Del. 2019) (Stark, J.) (granting summary judgment of non-infringement where defendant had no control "over the functionality").

Further, DMS offers only the bare assertion that "the Accused Product uses" the Akamai CDN. Compl. at ¶ 74.[7] This is not enough. Where, as here, "multiple actors are involved in practicing the claim steps, the patent owner must show that the acts of [other] part[ies] are attributable" to the accused infringer, either through direction, control, or a joint enterprise. *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338-39 (Fed. Cir. 2016). "To survive a motion brought under Rule 12(b)(6)," a patent owner must "plausibly allege" such direction, control, or joint enterprise. *Id.* at 1340; *see IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *3 (D. Del. Jan. 25, 2019) (Bryson, J.) (requiring "evidence … sufficient to support an inference of direction or control," such as benefit or instructions, or "joint enterprise"). DMS has made no such allegation here, plausible or otherwise. *See generally* Compl. at ¶¶ 71-85. Therefore, its claim

---

[7]     To the extent DMS is asserting that the existence of the Accused Product means Curiosity infringes, its theory is contrary to law and should be dismissed: "Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006).

should be dismissed. *Lyda*, 838 F.3d at 1340 (affirming dismissal of joint infringement claim lacking "any factual allegations" on direction or control, such as "how" control was exercised or "any relationship" between the defendants and third parties); *see Midwest Energy Emissions Corp. v. Vistra Energy Corp.*, No. CV 19-1334-RGA-CJB, 2020 WL 3316056, at *10 (D. Del. June 18, 2020) (dismissing joint infringement claim that alleged only that defendant's "facility [was] physically connected to an infringing" plant).

     ***Second, DMS has not plausibly alleged direct infringement.*** DMS's infringement allegations consist of bare recitations of the claim language followed by screen captures from, in large part, what appears to be Akamai's website. Compl. at ¶¶ 74-78. The images are blocks of screen-captured text—without annotations, labels, or conclusions. DMS makes no effort to connect these block quotes to the claim language, makes no effort to explain its theory, indeed makes no actual factual allegations. It leaves the task of gleaning to the Court and Curiosity. It is well-established that such cursory assertions are insufficient: A "plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8*, 4 F.4th at 1353; *see Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020) (affirming dismissal where complaint "offers only vague generalities and block quotes of statutes, cases and treatises"); *Bos. Sci.*, 415 F. Supp. 3d at 489 (dismissing direct infringement claims where patent owner "identifie[d] accused products," "point[ed] to 'exemplary materials'" that "provide[d] general information about the accused products," and "assert[ed] without explanation that the accused products meet each element of at least one claim of the asserted patent").  Its claim, therefore, must be dismissed.

### C.  DMS Fails to Plausibly Allege Direct Infringement of the '714 Patent

DMS asserts that Curiosity "has directly infringed at least claim 9" of the '714 patent. Compl. at ¶ 89. Claim 9 recites an "object movie processing system for encoding a digital object movie, storing it on a server computer and delivering it to client computers on-line upon request." Ex. C at 34:44-47.  DMS has failed to plausibly plead this claim.

***DMS's direct infringement allegations are insufficient.*** DMS's infringement allegations consist of bare recitations of the claim language followed by screen captures, this time from a combination of what appears to be the International Standard Organization's MPEG-DASH standard and a website with no apparent connection to Curiosity, "www.bogotobogo.com." Compl. at ¶¶ 92-98. The images are, again, screen-captured blocks of text—dense paragraphs and multipart diagrams, without annotations, labels, or explanation. DMS makes no effort to connect these images to the claim language. Instead, for seven of the eight claim limitations, it simply says "the Accused Product, on information and belief includes" that limitation. This is insufficient. First, such allegations—"consist[ing] of: identifying the accused product, pointing to websites that provide general information about the accused product and related industry standards, and asserting without explanation that the steps performed by the accused product satisfy each and every claim limitation of the asserted claims"—fall far "short of the *Iqbal/Twombly* pleading standard." *Swirlate IP LLC v. Keep Truckin, Inc.*, No. CV 20-1283-CFC, 2021 WL 3187571, at *2 (D. Del. July 28, 2021)  (dismissing plaintiff's direct infringement allegations). Further, a plaintiff can only plead on information and belief "so long as there are no 'boilerplate and conclusory allegations' and '[p]laintiffs ... accompany their legal theory with factual allegations that make their theoretically viable claim plausible.'"  *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 268 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d

198, 216 (3d Cir. 2002)) (emphasis omitted); *see NNCrystal US Corp. v. Nanosys, Inc.*, No. CV 19-1307-RGA, 2020 WL 616307, at *3 (D. Del. Feb. 10, 2020).[8] DMS's claim is nothing but boilerplate and conclusory allegations—DMS's "belief" that the accused Product "includes" the claim limitations, without connection to the Accused Product. DMS's unsupported claim must be dismissed..

### D.  DMS Fails to Plausibly Allege Direct Infringement of the '004 Patent

DMS asserts that Curiosity "has directly infringed at least claim 1 of the '004 patent." Compl. at ¶ 108.  Claim 1 recites a "computer-implemented method implemented by at least one device of a content delivery system."  Ex. E at 16:6-7. DMS, however, has failed to plausibly allege such infringement.

***DMS's direct infringement allegations are insufficient.*** DMS again relies on a combination of parroted claim language and conclusory statements to attribute the limitation to the Accused Product. Specifically, DMS asserts that "the Accused Product meets all the limitations of claim 1." Compl. at ¶ 109. However, its factual allegations are flawed and cursory. First, claim 1 is a method claim, Ex. E at 16:6-22, alleging the existence and sale of an accused product is not enough—it must be performed. *Akamai Techs.*, 797 F.3d at 1022; *see Sentius Int'l, LLC v. Apple Inc.*, No. 4:20-CV-00477-YGR, 2020 WL 2850286, at *3 (N.D. Cal. June 2, 2020) ("Because methods cannot be sold in the same way as devices, the sale of a product for performing a claimed method does not constitute direct infringement.").  Further, DMS's allegations are conclusory and,

---

[8] In order to prove direct infringement based on an industry standard, DMS will still have to show that the standard practices each and every limitation of the asserted claims.  *See, e.g.*, *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1276-77 (Fed. Cir. 2004).

therefore, do not provide the requisite notice. For example, repeating the claim language, DMS asserts:

> As in claim 1 of the '004 Patent, the Accused Product processes requests for media content from network devices (e.g., computers) to determine whether the network devices are supported by the content delivery system (e.g., Curiosity).

*Id.* at ¶ 111; *see* Ex. E at 16:9-12 (claim 1, reciting the same language).  To support this legal conclusion, DMS asserts that "the Accused Product provides functionality to allow the streaming of media content to the browser of certain computer operating systems" followed by a screen capture, purportedly of Curiosity's website listing platforms supported. Compl. at ¶ 111. This is not enough to plausibly allege infringement. *Bot M8*, 4 F.4th at 1353. Repeating the claim language, with "slight alterations … by using other well-known nomenclature to describe [Curiosity's] products do nothing to articulate why the accused" Curiosity streaming products infringe. *Promos*, 2018 WL 5630585 at *4; *see SIPCO,* 230 F. Supp. 3d at 353 ("Plaintiff does not have to allege everything it has, but it does have to write a complaint (construing the allegations in the light most favorable to the plaintiff) that makes it plausible to think a defendant has infringed at least one claim of any asserted patent." (emphasis omitted)). DMS has failed to allege any facts that articulate why its infringement theory is plausible; therefore, its claim should be dismissed.

### E.  DMS Fails to Plausibly Allege Direct Infringement of the '672 Patent

DMS asserts that Curiosity "has directly infringed at least claim 1 of the '672 Patent." Compl. at ¶ 125.  DMS, however, has failed to plausibly allege such infringement.

***DMS's direct infringement allegations are insufficient.*** DMS again identifies all the claim limitations, but only by parroting the patent claim language and attributing it to the Accused Product. Claim 1 is a method claim, with three multi-element limitations. Ex. D at 20:60-21:10. Rather than identify such facts to show why its infringement theory against Curiosity is plausible,

*Bot M8*, 4 F.4th at 1353, DMS elides over the vast majority of elements, resorts to conclusory assertions, and relies on pleading from information and belief to patch over its claims, Compl. at ¶¶ 126-28. For example, repeating the claim language, DMS asserts:

> As in claim 1 of the '672 Patent, the Accused Product, on information and belief, selects a rich media presentation to be sent to the internet browser from among a plurality of rich media presentations based on the one or more attributes that are detected, wherein a selected rich media presentation includes a media package selected based on the one or more attributes that are detected and a virtual player configured to play the media package on the network device.

*Id.* at ¶ 128; *see* Ex. D at 21:3-10 (claim 1, reciting the same language).  To support this legal conclusion, DMS asserts that "the Accused Product sends video to the browser that is selected based on detected attributes" followed by a screen capture, purportedly of a video playing on Curiosity's website. Compl. at ¶ 128. This is not enough to plausibly allege infringement—it does not identify sufficient "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1353; *see SIPCO,* 230 F. Supp. 3d at 353. DMS has failed to allege any facts that articulate why its infringement theory is plausible; therefore, its claim should be dismissed.

### F.  DMS Fails to Plausibly Allege Direct Infringement of the '384 Patent

DMS asserts that Curiosity "has directly infringed at least claim 1 of the '384 patent. Compl. at ¶ 139. Claim 1 recites a "method" comprised of "playing a signal," at a "first location of a household," "pausing the playing of the signal," "transmitting … an indication" of where the playing was paused, and "resuming the playing" at a "second location of the household."  Ex. F at 7:13-22. DMS has failed to plausibly allege such direct infringement.

***First, DMS fails to plausibly allege joint infringement.*** Claim 1 is a method claim. Ex. F at 7:13-22. This means, for infringement, its method must be "performed by or attributable to a single entity." *Akamai Techs.*, 797 F.3d at 1022; *see F'real Foods*, 457 F. Supp. 3d at 437. "[T]he

direct infringer must *actually* perform the steps in the method claim"; "sell[ing] a product that is capable of executing the infringing method" in not enough for direct infringement liability of a method claim. *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221-22 (Fed. Cir. 2014) (emphasis in original). DMS seems to acknowledge this, identifying "a user's computer," "phone," and "mobile device," as part its allegations—but never acknowledges the user, saying instead that the "Accused Product" performs each step of the claimed method. Compl. ¶¶ 140-44. Again, DMS has failed to adequately plead joint infringement by failing to plausibly allege Curiosity's direction or control of the third party devices and third parties who, by its own theory, actually perform the method claim. *Lyda*, 838 F.3d at 1340; *see Int'l Bus. Machines Corp. v. Booking Holdings Inc.*, 775 F. App'x 674, 678 (Fed. Cir. 2019) (defendant did not directly infringe where a third party performed step of method claim); *Ericsson,* 773 F.3d at 1221-22 (similar); *Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 497 F. Supp. 3d 762, 766 (N.D. Cal. 2020) (dismissing direct infringement claims against software provider where "the claims are drafted in a way that requires *all* steps to be performed on end-user devices"); *Andrulis Pharms. Corp. v. Celgene Corp.*, No. 13-1644-RGA, 2014 WL 1572906, at *1 & n.1 (D. Del. Apr. 10, 2014) (similar).

***Second, DMS fails to plausibly allege direct infringement.*** DMS's allegations, again, consist primary of recitation of the claim language, again followed by screen captures, this time largely without source or citation to identify the product or platform it is accusing. Compl. at ¶¶ 140-43. This is insufficient to plead direct infringement. "The complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco*, 883 F.3d at 1350 (internal quotation marks, alterations, and citation omitted). "To provide notice, a plaintiff … must show how the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Bos. Sci.*, 415 F. Supp. 3d at 489 (emphasis omitted).

14

By failing to identify which product, which platform it is accusing, by failing to explain how that platform infringes, DMS fails to give such notice. *Promos,* 2018 WL 5630585 at *4; *N. Star Innovations,* 2017 WL 5501489 at *2.

     ***Third, DMS's infringement claim is implausible.*** While, generally, courts do not engage in claim construction at the pleading stage, "the Federal Circuit has created a narrow exception when an infringement theory rests on an implausible claim construction." *Regents of Univ. of Michigan v. Leica Microsystems Inc.*, No. 19-CV-07470-LHK, 2020 WL 2084891, at *8 (N.D. Cal. Apr. 30, 2020) (citing *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141-42 (Fed. Cir. 2018)).[9] Here, on its face, it is unclear why DMS chose to assert the '384 patent, a patent about clock radios, against the Accused Product, "Curiosity Stream, an on demand video-streaming platform." Compl. at ¶ 47. Specifically, DMS asserts that Curiosity infringes "at least claim 1," which recites a method comprising "playing a signal . . . at a first appliance," "pausing the playing of the signal," and "resuming the playing" at a "second appliance." Compl. at ¶ 139. DMS identifies "a user's computer" and "a phone" as the first and second "appliances." *Id.* ¶¶ 140, 142; *see id.* ¶ 143 (identifying a "user's mobile device"). The patent, however, gives "an overview of the present invention," which expressly provides that "[t]he appliance 50 of the present invention is a clock radio that operates to provide a wake up alarm to an individual sleeping in bed 22," with additional such "appliance[s]" in the bathroom and shower. Ex. F at 2:11, 2:26-30.  That is, the claim is

---

[9] While courts, generally, do not construe disputed claim terms to decide a motion to dismiss, this does not mean courts must "accept implausible arguments at the pleading stage." *Sapphire Crossing LLC v. Robinhood Markets, Inc*., C.A. No. 18-1717-MN-CJB, 2021 WL 149023, at *5 (D. Del. Jan. 15, 2021), *report and recommendation adopted*, No. CV 20-726 (MN) (CJB), 2021 WL 355154 (D. Del. Feb. 2, 2021); *see Sapphire Crossing LLC v. Abbyy USA Software House, Inc*., Case No. 20-cv-03590-YGR, 2020 WL 6318716, at *3 (N.D. Cal. Oct. 28, 2020) ("Plaintiff is correct that claim construction is not properly resolved on a motion to dismiss.... However, that does not require the Court to accept implausible claims.").

embodied by a clock radio. *Campbell Soup Co. v. Gamon Plus, Inc.*, No. 2020-2322, 2021 WL 3671366, at *4 (Fed. Cir. Aug. 19, 2021) (where "a patentee describes the features of 'the present invention,' he 'implicitly alerts the reader that this description limits the scope of the invention.'" (quoting *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1353 (Fed. Cir. 2016))); *see SynKloud Techs., LLC v. HP Inc.*, 490 F. Supp. 3d 806, 820 (D. Del. 2020) (granting Rule 12(b)(6) motion to dismiss claim after finding plaintiff's proposed claim construction "implausible in light of the specification"). DMS has not, and cannot, identified any such clock radio. Curiosity is not in the clock radio business. *Cf.* Compl. at ¶ 47. "[T]he Court is not required to accept," even at "the pleading stage," "a plaintiff's argument that turns on an implausible or unreasonable reading" of a claim term—here, reading out any requirement for a clock radio. *Sapphire Crossing*, 2021 WL 149023 at *5; *see Ottah*, 884 F.3d at 1141-42 (affirming dismissal of a complaint that sought to equate a camera holder with a "book holder," because the claimed "book holder" could not "plausibly be construed to include or be the equivalent of a camera holder, in view of the specification and the prosecution history"). DMS has alleged a facially implausible claim and, therefore, its claim should be dismissed. *Ottah*, 884 F.3d at 1141-42; *see Sapphire Crossing*, 2021 WL 149023 at *5 (dismissing a claim based on implausible read of the limitation "'providing' an image transfer device (i.e., a smartphone)" where defendant only provided software and never possessed, controlled, or supplied an "image transfer device" to another).  DMS's claim should, therefore, be dismissed.

## VI.    CONCLUSION

For the above reasons, the Complaint fails to state a claim for infringement.  It should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

OF COUNSEL:
Shamita Etienne-Cummings
David M. Tennant
Megan Ines
Jacob Rothenberg
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
(202) 683-3800

Dated: December 30, 2022

/s/ Andrew E. Russell
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 5486)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com

*Attorneys for Defendant CuriosityStream Inc.*

17